UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 4:25-CR-8 (CDL) |
| | : | |
| v. | : | VIOLATION: |
| | : |    18 U.S.C. § 287 |
| JOSHUA BLAIR, | : | |
| | : | |
|     Defendant | : | |
| _____ | : | |

**THE UNITED STATES CHARGES THAT:**

## INTRODUCTION

*At all times material to this information:*

1. Defendant **JOSHUA BLAIR** was a resident of Georgia. He was a School Certifying Official and owner and founder of a scuba school and retail store operating as Chattahoochee Scuba in Columbus, Georgia, within the Middle District of Georgia.

2. The United States Department of Veterans Affairs ("VA") was a department of the United States that provided education, health, and other benefits to veterans of the United States Armed Forces.

3. The Post-9/11 GI Bill authorized a VA education benefit program that paid for tuition, housing, and other costs for veterans who met certain eligibility requirements. Under the Post-9/11 GI Bill, tuition benefits and other costs were paid directly to VA-approved educational institutions, and other costs, such as housing, were paid directly to veterans enrolled in VA-approved courses of study.

4. Educational institutions seeking VA approval to participate in the Post-9/11 GI Bill program had to apply to the VA and agreed to comply with the program's rules. Among other things, the institutions had to agree to maintain positive attendance records for enrolled veterans, certify the course in which veterans were enrolled, the start and end dates of the enrollment period, the number of hours per week the veteran will attend class, and to promptly notify the VA of changes to veteran student enrollment,

including if a veteran student withdrew from the program or did not complete the enrolled course of study. Institutions also had to submit proposed course catalogs for approval.

5. On or about August 8, 2012, Defendant applied to the VA for approval to provide certain courses of study to veterans through the Post-9/11 GI Bill at Chattahoochee Scuba.

6. On or about August 24, 2012, Chattahoochee Scuba received VA approval to offer eligible veteran students scuba courses.

7. From at least in or around August 2013, to in or around August 2022, Defendant submitted and caused to be submitted claims to the VA for tuition payments and other fees and costs under the Post-9/11 GI Bill totaling approximately $907,270.94 that were false because they falsely represented to the VA that certain veteran students were enrolled in, were attending, or had completed certain courses at Chattahoochee Scuba, when as Defendant knew, such students did not attend those courses at Chattahoochee Scuba on the dates represented.

## COUNT ONE
### (False, Fictitious, and Fraudulent Claims)

8. The factual allegations contained in Paragraphs 1 - 7 of this information are re-alleged and incorporated herein as if copied verbatim.

9. On or about January 5, 2021, in the Middle District of Georgia, and elsewhere within the jurisdiction of the Court, the defendant,

**JOSHUA BLAIR,**

knowingly made and presented and caused to be made and presented to the VA a claim upon and against the United States, that is, a claim for payment for a scuba course for a veteran student in the amount of $4,140.35. When making such claim, Defendant, falsely represented to the VA that the veteran student was enrolled in, attended, and had completed instruction at Chattahoochee Scuba, when as Defendant well knew, such student did not attend the instruction at Chattahoochee Scuba on the dates represented to the VA.

All in violation of Title 18, United States Code, Section 287.

Lorinda I. Laryea
Acting Chief, Fraud Section
U.S. Department of Justice

_____
Brandon Burkart
Trial Attorney, Fraud Section